JAMES MARSHALL, Appellant, *v.* JOHN CUNNINGHAM et al., Appellees.

APPEAL FROM MARION.

In a trial of right of property, the only question for decision is, does the property belong to the claimant. He is bound to show that the property belongs to him, and is therefore not subject to sale on execution.

An execution becomes a lien upon the personal property of the defendant from the time it is delivered to the constable, and any subsequent sale cannot affect the rights of the plaintiff.

THIS cause was tried before MARSHALL, Judge, and a jury, at May term, 1851, of the Marion Circuit Court. The jury found "that the property in dispute is the property of the claimants." James Marshall, the plaintiff in the execution by virtue of which the property claimed was levied upon, took this appeal. The facts of the case are set out in the opinion of the court.

J. N. HAYNIE, for appellant.

W. B. SCATES, for appellees.

TREAT, C. J. Marshall recovered a judgment against Hamilton, before a justice of the peace; and an execution issued thereon was levied on a mare and colt, which were claimed by Cunningham and Marshall. On the trial of the right of property in the Circuit Court, where the case was pending by appeal, the constable testified that the plaintiff sued out a warrant against Hamilton and placed it in his hands; he arrested Hamilton and brought him into town; Hamilton rode the mare, the colt following, and both were then his property; witness saw the mare

tied to a stake, and Hamilton and Cunningham conversing together near the place; Hamilton confessed the judgment, and the execution was immediately issued, and delivered to the witness; he went with the same to Hamilton, but could find no property; three or four days afterwards, he levied on the mare and colt in the possession of Cunningham, and had not seen them in his possession before. This was all of the evidence. The jury found that the property belonged to the claimants. The court refused a new trial, and the claimants had judgment.

In the trial of the right of property under our statute, the only question is, whether the property levied on belongs to the claimant. The verdict must be against him unless it affirmatively appears that he is the owner. He is bound to show that the property belongs to him, and is therefore not subject to sale on the execution. In the present case the execution became a lien on the personal property of Hamilton from the time it was delivered to the constable. Rev. Sts. ch. 59, § 78. Any subsequent sale or transfer to the claimants could not affect the rights of Marshall. The title to the mare and colt was in Hamilton just before the execution was placed in the hands of the officer. The proof failed to show that the claimants had previously acquired any interest in them. The fact that they were found in the possession of Cunningham several days afterwards, coupled with the circumstance of the conversation between him and Hamilton, did not authorize the inference that the property had been sold to the claimants, or the possession even transferred to them, before the lien attached. The claimants should have gone further, and proved that they purchased the property before the constable received the execution; or that they obtained the possession before that time, from which, perhaps, the jury might have inferred a purchase. The court should have granted a new trial.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*