Wolfe, Administrator, *v*. Wolfe.

A *fi fa*. was issued in *May*, 1848, levied on a wagon, and returned in *June* of that year, with an indorsement that the wagon was not sold for want of a buyer. Its return-day, by the R. S. 1843, was in *May*, 1849. In *March*, 1849, another *fi. fa.*, instead of a *vendi.*, was issued on the same judgment, levied on said wagon, and returned on the 13th of that month, with a like indorsement. *Held*, that, under the R. S. 1843, the lien of the first *fi. fa.* continued until *May*, 1850, and the wagon remained liable to be sold on a *vendi.* issued before that time. *Held*, also, that the issuing of the second *fi. fa.* was irregular, and did not affect the right to issue a *vendi.* subsequently on the first.

ERROR to the *Vigo* Circuit Court.

Perkins, J.—Trial of the right of property.

*Ephraim S. Wolfe* filed with a justice of the peace a claim to a two-horse wagon which had been taken by a constable on an execution in favor of *D. J. Wolfe*, administrator upon the estate of *Jacob Wolfe*, deceased, against *John Farmer* and *John Hay*. The claim was filed on the 13th of *November*, 1849.

The cause went by appeal to the Circuit Court. Judgment there for the plaintiff, and a motion for a new trial overruled.

The evidence is upon the record, and shows that an execution issued and was levied upon said two-horse wagon in *May*, 1848, and that said execution was returned *June* 20th of the same year, with an indorsement that said wagon was not sold for want of a buyer. The plaintiff purchased the wagon of one of the execution-defendants in the fall of 1848. On the 7th of *March*, 1849, a new *fi. fa.*, instead of a *vendi.*, issued to the same constable, upon the same judgment, which he levied on said wagon, and, on the 23d of the said month, returned with the indorsement that said wagon remained unsold for want of a buyer.

During the existence of the first execution, and subsequently, the return-day of an execution was at the end of a year from its issue; and it is enacted in the R. S. of 1843, p. 750, that when an execution is levied upon pro-

HARVARD LAW SCHOOL LIBRARY

perty and returned with an indorsement that said property is not sold for want of bidders, "such levy and return shall continue and constitute a lien on the property remaining unsold, by virtue of which the same may be held and sold on a writ of *venditioni exponas*, if issued before the return-day next after the return-day of such previous executions."

The *fi. fa.* first levied on the wagon in question was issued in *May*, 1848, and its return-day was, therefore, in *May*, 1849. The return-day of an execution next after that would be in *May*, 1850. Till that time, as we understand the statute, the lien of the first execution continued, and the property remained liable to be sold on a *vendi.* issued before that time.

The claim in this case was filed in *November*, 1849, while the property was held by the execution, and hence, could not be sustained.

The second *fi. fa.* was irregular, but it would not prevent the issue of a *vendi.* on the return to the first, at any time before *May*, 1850.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. B. Gookins*, for the plaintiff.

*J. P. Usher*, for the defendant.