PIERCE and MOORE *vs.* KINGSMILL and BUSH.

The statute which provides that if any person shall claim any goods or chattels attached by a constable, he may execute a bond to the plaintiff, conditioned that if a suit be brought on such bond the claimant will establish that he was the owner of the goods seized, at the time of such seizure, and in case of his failure to do so that he will pay the value of the goods claimed, with interest, (2 *R. S.* 231, § 33,) was designed for the benefit of the *general owner* of the goods attached; and to satisfy the condition of the bond, the claimant must show that he was the general owner of the goods seized, at the time of the seizure.

A sheriff who has levied upon the goods, by virtue of an execution, is not the *owner,* within the meaning of the statute. He has merely a special property in the goods.

MOTION for a new trial, upon exceptions, directed to be heard at the general term in the first instance. The action was

upon a bond given by Kingsmill as the claimant of personal property, attached by the plaintiffs as the property of one Jones; and by the defendant Bush, the surety in the bond. The property was taken on attachments issued by justices of the peace in Niagara county in this state. The defendant Kingsmill gave the bond, with Bush as surety, pursuant to 2 *R. S.* 231, orig. § 33. The bond contained the condition that if a suit should be brought on it within three months and Kingsmill should establish that he was the owner of the goods at the time of seizure, or in case he failed to do so, if he should pay the value of the goods and chattels with interest, then the obligation to be void. On the trial the plaintiffs proved their case and rested. It was then shown, in behalf of the defendants, that Jones the debtor, prior to the attachments, resided in Stamford, Canada; that judgments were recovered against him, and that executions were issued upon such judgments to a deputy of the sheriff of the proper county, who seized the goods and chattels in question by virtue of such executions. That the goods were subsequently removed to this state, where they were taken by the plaintiffs, by virtue of the attachments. The defendant Kingsmill was the Canada sheriff, and followed the goods into this state and gave the bond as stated.

The plaintiff's counsel asked the court to decide, that the defendants had not proved that they were the owners of the property, or that either of them was such, at the time of the seizure of the same by the attachments. The court refused so to decide, and the plaintiffs excepted. The plaintiffs requested the court to direct a verdict for the plaintiffs. Refusal and exception. The court directed a verdict for the defendants, and the plaintiffs excepted.

*Cook & Fithian*, for the plaintiffs.

*A. C. Woodruff*, for the defendants.

*By the Court*, MARVIN, J. By the statute, if any person shall claim any goods or chattels attached by a constable, he may

Pierce v. Kingsmill.

execute a bond to the plaintiff with sureties, &c. in a penalty double the value of the property attached, conditioned that if a suit be brought on such bond within three months from the date, such claimant will establish that he was the owner of the goods seized, at the time of such seizure ; and in case of his failure to do so, that he will pay the value of the goods claimed, with interest. (2 *R. S.* 231, § 33.) The bond was given pursuant to this section of the statute; and the question is, did Kingsmill establish on the trial that he was the *owner* of the goods seized, in contemplation of this statute ? In my opinion he did not. By his levy upon the goods he acquired such a special property in them as to enable him to maintain trover for their conversion, or trespass for any wrongful taking. (2 *Saunders*, 47.) After the seizure of the goods by the sheriff, the special property of the goods was in him ; the general property remained in Jones, the debtor, who was the general owner until execution executed.

The statute was designed for the general owner of the goods attached ; and to satisfy the condition of the bond the claimant must show, upon the trial, that he was the general owner of the goods seized, at the time of the seizure. If the construction of the statute for which the defendants contend is to prevail, consequences would follow which could not have been anticipated by the legislature. A constable or sheriff seizes the goods of a debtor upon execution, in an amount in value greatly exceeding the execution, and then the same goods, as they may be, under certain circumstances, are seized by attachment. Can it be that the sheriff or constable first seizing the goods on execution, can give the bond, and by proving upon the trial such seizure on execution, entirely defeat the attaching creditors ? It seems to me that the statute was not designed for such a case. The sheriff by his levy is not the *owner* of the goods as contemplated by the statute. The language of the statute is used in its popular sense. The sheriff or constable who has levied upon goods, or seized them by virtue of attachments, has never been regarded as the owner of the goods. Webster defines owner, the rightful proprietor; one who has the legal or rightful title, whether he is the possessor or not.

Our law books say that the sheriff who has seized goods on execution has a *special property* in them which will enable him to maintain certain actions against those unlawfully taking or converting the property, but they do not say that he is the owner. On the contrary, they say that the general property, title or ownership remains in the debtor as general owner until the execution is executed; that is, until the property is sold to a purchaser, who then becomes the owner. (*Broom, Action at Law,* 108, 9, 402 *to* 405, 426 *to* 432. 2 *Saund.* 47, *note.* 1 *Chit. Pl.* 151. 12 *John.* 407. 4 *Cowen,* 468, 9.)

In *Lambert* v. *Paulding,* (18 *John.* 311,) an execution was issued to the sheriff of New York, which bound the goods of the debtor in the county. The debtor removed a portion of his property to Westchester county, where it was seized on execution by another sheriff, and sold. It was held that the purchaser got a good title. The court, however, on motion ordered that the proceeds of the sale be paid to the plaintiff in the first execution.

It is well settled that in case the sheriff delays to sell the goods seized on execution, by the direction of the plaintiff, for an unreasonable time, another creditor may take the goods on execution or attachment and sell them and apply the funds to his debt. If the sheriff, by the first levy, becomes the *owner*, this consequence would not follow. The title of the absolute owner of the goods is not affected by a sale of the goods upon an execution against a third party

I am not aware that the question we are considering has ever arisen under the statute; but to hold that a sheriff or constable, who has seized goods on executions or attachments, may give this bond, and by proving such seizure, defeat all subsequent seizures by attachment, would introduce a principle at war with the practice and law touching successive attachments and executions. If such a construction should be put upon the statute, I do not see why a constable may not take all the goods of the debtor upon an execution for a small amount, and set all subsequent attachments at defiance. In the present case the law afforded abundant remedies to the sheriff from Canada. The law

of comity is in full force in this state, and he had all the common law remedies given to our own sheriffs who have seized property on execution; but the statute is not applicable to such a case, though it should be invoked by our sheriffs or constables.

There must be a new trial; costs to abide the event.

ERIE GENERAL TERM, November 16, 1857. *Davis, Greene* and *Marvin,* Justices.]