## REEVES & CO. v. SEBERN, Sheriff.

1. EXECUTION: LIEN OF. In this State an execution has never been a lien upon chattels prior to levy.

2. SALE: ADDITIONAL CONSIDERATION. A sale of goods for a certain sum, with a further agreement that if, when sold, more than said sum should be realized, the excess, after deducting expenses of sale, should be credited to the vendors. *Held*,

    1. In the absence of any showing of fraud, the sale should be treated as valid.

    2. That such a stipulation for an additional contingent consideration does not, *ex necessitate*, transmute a sale into a pledge or mortgage.

3. LEVY OF AN EXECUTION UPON PROPERTY PLEDGED. The right of the pledgee will prevail over the lien of an execution levied upon the property pledged by an officer with notice of the contract pledging the same.

*Appeal from Benton District Court.*

MONDAY, JUNE 6.

THE plaintiffs, who were creditors of the firm of Kirkpatrick & Haworth, claimed the goods in controversy by virtue of a purchase thereof from the said firm. The defendant, as sheriff, claimed the same goods by virtue of a subsequent levy thereon, under an execution in favor of Hughes, Adams & Co., against Kirkpatrick & Haworth.

The cause was referred to W. C. CONNELL, Esq., referee, who reported separately his conclusions of law and of fact. His finding being for the plaintiffs, the defendant excepted thereto, and these exceptions being overruled and judgment having been entered on the report, the defendant appeals. The other material facts will be found in the opinion.

*C. H. Conklin* for the appellant.

I. As the first point determined in the opinion, cited: Gwynne on Sheriffs, 206; *Ray* v. *Birdseye*, 5 Denio, 624;

*O'Farrall* v. *Simplot*, 4 Iowa, 381; and *The State* v. *Twogood*, 7 Id., 252.

II. As to the second point: Rev. 1860, § 2706; *McCarver* v. *Neally*, 360; Story Agency, §§ 91, 181, 202, 215, 413, 430; Rev., 1860, § 2206; *Farmers' Loan and Trust Company* v. *Henderson*, 25 Barb., 484.

*J. C. Traer* for the appellee, contended: That, as the evidence is not in the record, the Court will not review the finding of facts by the referee: *The State of Iowa* v. *Burge*, 7 Iowa, 255; *Paukett* v. *Livermore*, 5 Id., 277; *Nutter* v. *Rickitts*, 6 Id., 92; *Tiffany* v. *Glover*, 3 G. Greene, 391.

DILLON, J.—I. The real parties in interest in this contest are the plaintiffs and Hughes, Adams & Co., whose execution against Kirkpatrick & Haworth, the defendant, Sebern, as sheriff, levied upon the goods in controversy. The plaintiffs certainly, and probably Hughes, Adams & Co., were non-residents, and acted through their agents and attorneys.

Traer & Co. acted for the plaintiffs, and on the 29th of March, 1862, they made, as agents for the plaintiffs (as will be more fully alluded to in another part of this opinion), the alleged contract with Kirkpatrick (the successor of Kirkpatrick & Haworth,) for the purchase of the goods in question.

The referee finds, as a fact, that the execution in favor of Hughes, Adams & Co., was "in the defendant's hands for service before the agreement between Traer and Kirkpatrick, in regard to the purchase of the goods, was made." But the said writ was not levied until nearly a month after the said agreement, viz., not till April 24th, 1862.

The referee further finds that the sale was free of fraud, and also, that "Traer and Kirkpatrick both had knowledge that the execution was in the sheriff's hands for service at the time they entered into the agreement

aforesaid." The defendant now claims that the execution, though not levied, was a lien upon the goods and chattels of the debtor. We are aware of no decision in this State fixing the *time* when the goods of an execution defendant are bound, whether from the teste of the writ, or from its delivery to the officer, or from actual levy only. This subject is now settled by statute, which provides that execution shall bind only from the time of levy. (Laws 1862, p. 231.) This act was not in force at the date of the transaction now in question, and hence it becomes necessary to state what the law was.before the act was passed.

At common law, the writ of *fi. fa.* bound the chattels of the defendant from its teste. 3 Bouv. Inst., 573, 574; Arch. Civ. Pl., Tit. "Execution;" 1 Hay. (N. C.), 396; 2 Id., 57; 2 Hawkes, 232; 3 Id., 296.

As this had the unjust effect to overreach and defeat sales made even before the writ was delivered to the sheriff, it was remedied by the statute of 29 Charles II, which made the writ binding from the time of its delivery to the sheriff to be executed. We have very few if any decisions as to what the common law in this country is, because the subject is, in most of the states, regulated by express statute. Thus, in New York, the statute of 29 Charles is re-enacted expressly. *Ray* v. *Birdseye*, 5 Denio, 624; see also 12 Johns., 403. So in Indiana, 7 Blackf., 501; 4 Id., 496; 4 Ind., 255. So in Illinois, 13 Ill., 20; 22 Id., 93. So in Kentucky, 1 Litt. St., 540; 4 Bibb., 31; 2 J. J. Marsh, 421. So in Florida, 4 Flor., 126; and Maryland, 3 Md., 99; and Alabama, 12 Ala., 71; Id., 247; 18 Id., 387. In Missouri, as between two officers, the first levy holds, though the writ was delivered last. *Field* v. *Milburn*, 9 Mo., 492. In California and Ohio, by statute, the lien is from levy only. In North Carolina, where the common law, as a body, is adopted, the lien is from the teste (8 Ire., 63, and cases *supra*), and Tennessee follows North Carolina (9 Humph., 91; 1 Swan, 304).

In the absence of statute, we must conclude that the execution is a lien either from its teste as at common law, or only from *actual levy*. We do not feel bound to adopt the unreasonable and unjust rule of the ancient common law, so unjust, indeed, that it had to be remedied by statute.

It does not accord with the policy of our laws, nor harmonize with decisions on kindred subjects. The whole current of judicial decisions, in this State, has ever, and, we think, most wisely, been against secret constructive liens, especially when these are set up against purchasers. *Barney* v. *McCarty*, 15 Iowa ; *Same* v. *Little*, Id., and *Cummings* v. *Long*, Id.; *Jones* v. *Peasley*, 3 Greene, 52 ; *Gimble* v. *Ackley*, 12 Iowa, 27. And we are not mistaken in saying that the professional sentiment in this State has always been, that executions were not liens on chattels until actual levy.

This was the opinion of the Court below, and in this respect there is no error.

II. It is next claimed by the appellants, that the transaction, under which the plaintiffs claim, did not amount to a *sale* of the goods.

The testimony before the referee was not before the District Court. The finding of the referee that there was a sale is therefore conclusive upon this point. He finds that Traer, as agent for the plaintiffs, agreed to take the goods in question and credit their judgment against Kirkpatrick & Haworth, with $300, or $350. He also finds, " that, upon the completion of such agreement, the said Traer and the said Kirkpatrick fastened up the store-room, locked the front door thereof, and Kirkpatrick passed the key over to Traer, as the agent of the plaintiffs." " I also find that the goods were worth $600. That there was a further agreement between them, that if the goods should sell for more than the amount that Traer agreed to credit on the plaintiffs' judgment after paying the expenses of sale," such excess was also to be credited.

Reeves & Co. v. Sebern.

Taking all these findings together, they show a sale of the goods for $300, or $350. The further agreement, that if when sold more should be realized, that this excess, after deducting the expenses of sale, should be allowed and credited to Kirkpatrick & Haworth, did not deprive the transaction of the nature and quality of a sale, especially as the referee has found that there was no fraud.

To a *bona fide* arrangement of this kind we can see no objection, nor does such a stipulation for an additional contingent consideration, transmute, *ex necessitate*, a sale into a pledge or mortgage.

But suppose it did, the referee has found that the sheriff "had actual knowledge of the agreement between Traer and Kirpatrick, at the time he made the levy on the goods in· controversy." If there was a valid pledge of these goods to the plaintiffs, and the defendant had notice of this before he levied, the plaintiffs, under our statute, and decisions under it, would have the better right. Notice is equivalent to recording, and this whether the transaction is a sale, pledge, or a mortgage. Rev., § 2201; *McGavran* v. *Haupt*, 9 Iowa, 82; *Crawford* v. *Benton*, 6 Id., 476; *Miller* v. *Bryan*, 3 Id., 58; *Kuhn* v. *Graves*, 9 Id., 303; *Wilhelmi* v. *Leonard*, 13 Id., 330.

The statutes of other states, including New York, are different, and hence the case of *Ray* v. *Birdseye*, 5 Denio, 619, cited by appellant's counsel, is not applicable under our statute.

Without setting forth the findings of the referee, or the correspondence between the plaintiff and Traer & Co. *in extenso*, it is sufficient to state that, upon a careful examination, we are unanimously of the opinion that the agents had authority to make the contract, upon which the plaintiffs base their right to maintain the present action.

Affirmed.