PERSSE v. THE ATLANTIC–PACIFIC RAILWAY TUNNEL COMPANY.

ABSOLUTE SALE.
Where there is an absence of any such condition as the law requires to change a sale absolute in form into a mortgage or into a pledge, it is always upheld as a valid transfer, and the title of the transferee is not subject to impeachment.

*Error to the District Court of Arapahoe County.*

Mr. H. B. JOHNSON, for plaintiff in error.

Messrs. PENCE & McGINNIS, for defendant in error.

BISSELL, P. J., delivered the opinion of the court.

The Atlantic-Pacific Railway Tunnel Company in April,

1891, filed a bill against Persse to cancel five bonds of one hundred dollars each which had been issued by the Atlantic-Pacific Tunnel Company in 1883. It is unnecessary to particularly describe the bonds, for the bill rested for its equity, if it has any, upon the arrangement under which the bonds were delivered to John A. Coulter, of Georgetown. The bill charged that in the month of April, 1884, the Tunnel Company placed the five described bonds in the hands of Coulter to sell for ninety dollars each. It charged that the proceeds were to be turned over to the company after the sale. This was the bill. The evidence showed nothing of that sort. The Railway Tunnel Company introduced no evidence which even tended to establish the case as made by their complaint, and offered no evidence tending to show that the bonds had ever been placed in Coulter's hands for sale. The only witness which the company produced was one Whitaker, who was formerly secretary of the company, and whose sole knowledge of the original transaction was derived from conversations with Pomeroy, who was president of the company at the time of the transaction. Necessarily, this was not evidence which would support a decree. The court, however, refused to dismiss the complaint upon the plaintiff's proofs, and the defendant was compelled to go into his case. The defendant proved that prior to the time of the delivery of the bonds Coulter had been employed by Pomeroy, the president of the company, to perform certain legal services upon their behalf with reference to the trial of a case then pending in Georgetown. After Coulter had performed these services, Pomeroy stated that neither he nor the company had any money, and substantially that Coulter would have to accept these bonds in payment for his services. They were delivered to him for the purposes of liquidating his claim for the work, with authority to sell and apply the proceeds to the satisfaction of his demand, accounting to the company in case of a sale for any surplus which he might receive over and above the amount of his demand. It is scarcely worth while to state the evidence on the subject, since it is wholly

uncontradicted, and in legal effect amounts to a delivery of the bonds to Coulter for the liquidation of his claim with the power to sell. There was nothing whatever in the transaction which gives color to the contention that it was the purpose or intention of either of the parties that it should amount to a mortgage or a pledge; but it was evidently an attempt by Pomeroy to pay Coulter's claim by the delivery of these bonds. The bonds remained in Coulter's possession from 1883 to the time that he disposed of them to one Jennings, who was the vendor of the plaintiff in error, Persse. There is no necessity to discuss the question of the good faith of the transfer between Coulter and Jennings, nor the query whether this was a cover for the sale to Persse, who became a purchaser from Jennings at two hundred and twenty-five dollars, while the consideration which passed between Jennings and Coulter was only five dollars. If there is any question concerning that transaction there is nothing in the record to show it, and according to our view of the legal relations of the parties, the only remedy which the company would have, if any, would be to recover of Coulter the difference between his demand and the sum for which the bonds were sold to Persse, provided they were able to impeach the transaction between Jennings and Coulter. There is nothing in the record which at all tends in this direction, but it manifestly is the only possible remedy.

This statement makes it very clear that the Tunnel Company wholly failed to prove any case which entitled them to the relief which they demanded and which they got, to wit: the cancellation of the bonds and their surrender by Mr. Persse. It is always true that a transaction of this sort is open to investigation, and if the parties are able to show that the transaction was one by way of mortgage or pledge, they are entitled to relief, unless the matter concerns mercantile paper which has passed into the hands of an innocent purchaser for value. But wherever there is an absence of any such condition as the law requires to change an absolute sale into a mortgage or into a pledge, it is always upheld as a

valid transfer and the title of the transferee is not subject to impeachment. *Reeves & Co. v. Sebern, Sheriff,* 16 Iowa, 234; *Commonwealth v. Reading Savings Bank,* 137 Mass. 431.

There is quite a dispute in the case growing out of the purchase that was made by Persse. The secretary of the company, who was the only witness for the plaintiff, contends that he gave Persse notice of Jennings' want of title, and that he bought with full knowledge of the claim of the company, that Coulter held the bonds for sale and was without any title. This evidence was totally contradicted by Mr. Persse, who claims that he bought without knowledge or notice of Jennings' title, or of the way and manner in which Coulter acquired possession, and that he inquired of two directors of the company as to the validity of the securities, and received information that they were valid claims against the company. In this he is strongly supported by various circumstances in the case, among which are the facts that Coulter retained possession of these bonds for upwards of six years, and at one time left the bonds with the secretary, Mr. Whitaker, for sale, and afterwards received them from him when informed that no disposition of them was possible. These circumstances tend to rebut the idea that there was any condition attached to Coulter's title, and likewise tend to support Persse in his denial of Whitaker's claim that he was informed of any defects in Coulter's title.

Since the plaintiff wholly failed to prove the case as he laid it, and there is nothing whatever in the record to show that the bonds were delivered to Coulter for sale, and it is evident from the proof that he acquired an absolutely good title as against the company, with the power of disposition, the plaintiffs were not entitled to a decree canceling the bonds in the hands of Mr. Persse regardless of the situation as to the *bona fides* of his purchase.

The appellant requests this court to enter a decree of foreclosure on a cross complaint which he filed. We are doubtful as to our power to grant this request, and in any event should decline to accede to it, since the case was fought on

another basis, and it is not evident that Persse is entitled to a foreclosure against the present appellee, who was the plaintiff below, and there is a lack of proof as to interest and parties in the record which would justify the procedure.

Since the judgment which the court below entered canceling the bonds is in hostility to our views of the rights of the parties, the judgment will be reversed and the case remanded for further proceedings in conformity with this opinion.

*Reversed.*