## Fred A. Munson, Appellant, v. The Commercial State Bank of Windsor, Illinois, Appellee.

### Gen. No. 8,096.

1. LIENS—*no priority between concurrent liens.* Concurrent liens are created by the delivery of an execution to a sheriff and the filing of a chattel mortgage for record at the same identical time, and neither lien has precedence over the other.

2. EXECUTIONS—*what burden on claimant of right to property.* On a trial of the right of property seized by execution, the burden is upon the claimant to prove his right to the property, and that it belongs to him and is not subject to sale on execution.

Appeal by plaintiff from the County Court of Shelby county; the Hon. WILLIAM C. KELLEY, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

WARD & PUGH, for appellant.

WM. H. CRAIG and J. J. BAKER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

This is an appeal from a judgment rendered in a trial of the right of property in the county court of Shelby county.

Appellee recovered judgment against George B. Gleason and his wife in the circuit court of Shelby county on June 2, 1926, in the sum of $3,123.00, and execution was levied upon all crops located "upon the following described real estate both growing and matured, consisting of about 80 acres of wheat now in the shock and located upon the north one-half of the southwest quarter of Sec. 2, and all growing crops upon the south one-half of Sec. three (3) all in Town eleven (11) North, Range five (5) East of the Third P. M. Shelby county, Illinois." Appellant claimed the right to possession of the growing corn on section 3, mentioned in the above certificate of levy, by reason of a chattel mortgage executed by said Gleason, mortgaging, "the undivided one-half interest of all Indian corn, a growing crop on the south half of Section 3, Township 11, N., Range 3 E. of the 3rd P. M., about 120 acres of corn." The levy was made upon the corn growing upon section 3, town 11, range 5. The chattel mortgage covers corn grown upon section 3, town 11, range 3. Appellant claims that the range was misdescribed in

Munson v. Commercial State Bank, 246 Ill. App. 368.

the chattel mortgage and range 5 should have been range 3.

It appears from the evidence that immediately after the judgment was rendered in favor of appellee, that the clerk of the circuit court issued an execution and delivered it to the sheriff who endorsed thereon, "received this 2nd day of June, A. D. 1926 at four o'clock thirty minutes P. M. Harry Riley, Sheriff." After the execution had been delivered to the sheriff the clerk, who was also *ex-officio* recorder, picked up the chattel mortgage in question, which in some manner unexplained, had been placed upon his desk, and endorsed thereon the same identical date of filing, to-wit, June 2, 1926, at 4:30 o'clock P. M. It would thus appear that the delivery of the execution to the sheriff and the filing of the chattel mortgage for record were concurrent acts, and done at the same time, and the liens created thereby, if any, were concurrent. In such a case neither lien would have precedence over the other. 37 C. J. 329 Section 42.

On a trial of the right of property under the statute of this state, the burden is upon the claimant to prove his right to the property and he is bound to show that the property belongs to him and is not subject to sale upon execution. *Marshall v. Cunningham,* 13 Ill. 20. Even if it be conceded that the chattel mortgage, on account of the misdescription of the location of the growing crops, was not void as against third persons, which question it is unnecessary for us to decide, yet appellant had no prior or superior lien by virtue of said mortgage than appellee had by virtue of his execution.

Appellant having failed to establish a superior right of property than appellee he must fail in this proceeding and the judgment of the county court is affirmed.

*Affirmed.*