GEORGE BAKER, Appellant, *v.* HENRY HULL et al., Respondents.

(Submitted March 25, 1929; decided April 16, 1929.)

*Samuel W. Eager* for appellant. Under the common law and the express terms of the statute the plaintiff's title was good as against the levy. (*Goetschius* v. *Brightman*, 245 N. Y. 186; *Cole* v. *Mann*, 62 N. Y. 1; *Fennikoh* v. *Gunn*, 59 App. Div. 132; *Burchell* v. *Green*, 6 Misc. Rep. 236; 80 Hun, 602; *Friedman* v. *Phillips*, 84 App. Div. 179; *Whitney* v. *Biggs*, 92 Misc. Rep. 424; *Jones* v. *City of Albany*, 151 N. Y. 223; *Rosin* v. *Lidgerwood Mfg. Co.*, 89 App. Div. 245; *Mlodzik* v. *Ackerman Oil Co.*, 210 N. W. Rep. 694; *Depew* v. *Depew Co.*, 98 N. J. Eq. 461.)

*Herbert B. Royce* and *Philip A. Rorty* for respondents. The lien of a judgment creditor attaches to the property of the debtor from the time of the delivery of the execution to the sheriff. (Civ. Pr. Act, § 679; *Home Bank* v. *Brewster & Co.*, 15 App. Div. 338; *Stewart* v. *Beale*, 7 Hun, 405; 68 N. Y. 629; *Gavazzi* v. *Dryfoos*, 110 App. Div. 90.) The delay in filing the conditional sale con-

tract rendered it void as to the judgment creditor in this case. (*Tucker* v. *Siegel-Cooper Co.*, 194 N. Y. 442; *Karst* v. *Gane*, 136 N. Y. 316; *Seger & Gross Co.* v. *Maclaire*, 165 N. Y. Supp. 423.)

KELLOGG, J.   On the 10th day of June, 1927, the plaintiff sold and delivered an automobile to Jesse B. Earle. Contemporaneously, Earle executed and delivered to the plaintiff a conditional sale contract. The instrument engaged Earle to pay to the plaintiff an agreed purchase price; it provided that title to the automobile should remain in the plaintiff until payment had been made. On the 22d of July, 1927, Samuel T. Randall recovered a judgment against Earle, which was docketed in the county of Orange, within which Earle resided. An execution against the property of Earle was issued on the 23d day of July, 1927, to Henry Hull, the defendant herein, as sheriff of the county. On the 11th day of August, 1927, at 11:45 A. M., the plaintiff filed, in the office of the clerk of the city wherein Earle resided, the written contract evidencing the sale. Later, shortly after the noon hour of the same day, the defendant Hull, as sheriff of the county, and the defendant Pugsley, as under sheriff, levied upon the automobile and took the same into their possession. This action of replevin was thereupon brought to recover possession of the automobile. At Trial Term the complaint was dismissed, and, at the Appellate Division, the judgment of dismissal was affirmed.

Under a conditional sale contract, at common law, no title passed to the buyer until the contract price had been paid. Consequently, neither an execution issued against the property of the buyer, nor a levy thereunder, gave rise to a lien upon the chattel sold. (*Herring* v. *Hoppock*, 15 N. Y. 409; *Hasbrouck* v. *Lounsbury*, 26 N. Y. 598; *Ballard* v. *Burgett*, 40 N. Y. 314; *Cole* v. *Mann*, 62 N. Y. 1; *Goetschius* v. *Brightman*, 245 N. Y. 186.)   The com-

mon-law rule, with exceptions stated, has been declared by statute. (Personal Property Law [Cons. Laws, ch. 41], §§ 64, 65.) Section 64 states the rule: "Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided." Section 65 states the exceptions: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided." As to all creditors, except those who acquire a *lien by levy or attachment*, the condition remains valid, and no title passes to become subject to the lien of an execution. In our case, the contract was filed after the execution was issued but before the levy was made. Consequently, without filing, the condition survived the issuance of the execution; with filing, it survived the levy.

The defendants mistakenly urge that, under the provisions of section 679 o^ the Civil Practice Act, a lien arose simultaneously with the issuance of the execution, irrespective of a levy. That section provides: "The goods and chattels of a judgment debtor, not exempt, by express provision of law, from levy and sale by virtue of an execution, and his other personal property which is expressly declared by law to be subject to levy by virtue of an execution, are bound by the execution, when situated within the jurisdiction of the officer to whom an execution against property is delivered, from the time of the delivery thereof to the proper officer to be executed, but not before." The Code of Civil Procedure, enacted in the year 1876, contained an identical provision. (L. 1876, ch. 448, § 1405.) The enactment was derived from the Revised Acts of 1801, wherein it was provided "that no writ of execution shall bind the property of the

goods of any person against whom such writ shall be issued, but from the time that such writ shall be delivered to the sheriff * * *." (L. 1801, ch. 105, § 7.) This latter provision was substantially a transcription of the English statute of 29 Car. II, ch. 3, § 16. (*Hotchkiss* v. *M'Vickar*, 12 Johns. 403.) Thus, from the earliest period in our history, it was the law of the State that a lien arises, not when a levy is made but at the moment when an execution is delivered to an officer. (*Hendricks* v. *Robinson*, 2 Johns. Ch. 281, 296; *Hotchkiss* v. *M'Vickar, supra; Lambert* v. *Paulding*, 18 Johns. 311; *Stewart* v. *Beale*, 7 Hun, 405; affd., 68 N. Y. 629.) Nevertheless it was concurrently the rule, that neither an execution nor a levy thereunder created a lien against chattels in the hands of a conditional buyer; for, since the buyer acquired no title, the chatte s were not "goods or chattels of a judgment debtor " to which the lien of an execution might attach. (*Herring* v. *Hoppock, supra.*) Consequently, the Civil Practice Act section, which merely continued an existing rule, had no effect to bestow a lien not theretofore existing. For that result, we may look to no other statutory provisions than those contained in section 65 of the Personal Property Law. As we have seen, under those provisions, a condition, by which title is reserved in the seller, becomes invalid, as to a creditor of the buyer, only when such a creditor has acquired a lien, not by issuance of an execution, but through a levy under an execution.

Equally mistaken are the defendants in their reliance upon the cases of *Karst* v. *Gane* (136 N. Y. 316) and *Tooker* v. *Siegel-Cooper Co.* (194 N. Y. 442). Those cases deal with a wholly unrelated subject, viz., the validity of a chattel mortgage under the provisions of section 230 of the Lien Law (Cons. Laws, ch. 33.) That section provides that every chattel mortgage, not accompanied by an immediate delivery, and a continued change of possession, of the chattel mortgaged, " is absolutely void as against the

creditors of the mortgagor " unless the mortgage is duly filed. The cases cited merely hold that a mortgagee, who has unreasonably delayed the filing of his mortgage, cannot, as against creditors at large, save the mortgage, by filing it previously to the acquisition of a lien by such creditors. It will be noted that a chattel mortgage, not promptly filed, is absolutely void " as against the creditors of the mortgagor," not merely as against judgment creditors having executions; whereas, in a conditional sale, the condition reserving title is void only as against creditors who acquire " by attachment or levy a lien " upon the chattels sold " before the contract or a copy thereof " is filed. The authorities are not relevant to the point in issue.

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.