THE WASHINGTON TRUST COMPANY OF THE CITY OF NEW YORK, as Trustee, Respondent, *v.* MORSE IRON WORKS AND DRY DOCK COMPANY et al., Defendants.

PRINDLE ENGINEERING COMPANY, Respondent, and DANIEL F. COONEY et al., Appellants.

1. TRUST MORTGAGE — JUDGMENT DIRECTING FORECLOSURE SALE OF PROPERTY, THE TITLE TO WHICH REMAINED IN VENDOR. In an action to foreclose a trust mortgage given to secure the bonded indebtedness of a corporation, it appeared that after the execution of the mortgage the corporation had purchased a pumping plant under a contract providing that the title thereto should remain in the vendor until final payment; that more than half of the purchase price had been paid; that the vendor upon application had been permitted to intervene in the action, and requested that the pumping plant be excepted from the foreclosure sale or the balance due be first paid from the proceeds thereof. · *Held*, that a judgment directing that it should be first paid from the proceeds of the sale could not be justly complained of by the general creditors.

2. WHEN VENDOR CANNOT INSIST UPON SALE OF MORTGAGED PROPERTY FOR ITS SOLE BENEFIT. Where, during the pendency of the foreclosure action, bankruptcy proceedings had been instituted, and subsequent to the judgment, but before a sale pursuant thereto, the trustee in bankruptcy sold the interest of the mortgagor to a new corporation formed to take over the property of the bankrupt which paid off the mortgage indebtedness and obtained a discharge of the mortgage, but failed to pay the balance due the vendor, and thereafter procured a stay of the sale of the premises under the foreclosure decree, the vendor not having under its contract any lien upon or interest in the mortgaged premises, and not having obtained through its intervention

any lien 'or interest that it did not theretofore possess, has no right to insist upon a sale independently and solely for its benefit of the mortgaged property. It has, however, the right to remove or sell the pumping plant in case of default in payment of the balance due thereon.

*Washington Trust Co.* v. *Morse I. W. & D. D. Co.*, 106 App. Div. 195, modified; 114 App. Div. 886, reversed.

(Argued January 11, 1907; decided January 29, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered July 12, 1905, which affirmed a judgment of Special Term decreeing the foreclosure of a mortgage and a sale of the mortgaged premises.

Also appeal, by permission, from an order of said Appellate Division, entered July 24, 1906, which reversed an order of Special Term in so far as it stayed a sale under the judgment of foreclosure.

The following question was certified:

"Whether, on the facts shown by the record herein and upon the opinion of the Appellate Division herein affirming in part and denying in part an order made by Mr. Justice SAMUEL T. MADDOX and entered in the office of the Clerk of Kings County on the 26th day of October, 1905, the defendant Prindle Engineering Company has the right to have the mortgaged premises sold, pursuant to the judgment entered herein for the payment of its claim, although the mortgage to foreclose which this action was brought has, since the entry of said judgment been paid, satisfied and discharged of record by the plaintiff without the consent of the Prindle Engineering Company?"

The facts, so far as material, are stated in the opinion.

*David McClure* for appellants. The lien of the mortgage did not extend to the property of the Prindle Company. (*Kerley* v. *Clapp*, 15 App. Div. 37; *Smith* v. *Benson*, 1 Hill, 176; *Mott* v. *Palmer*, 1 N. Y. 564; *Goddard* v. *Gould*, 14 Barb. 662; *Tifft* v. *Horton*, 53 N. Y. 377; *Sayles* v. *N. W. P. Co.*, 41 N. Y. S. R. 856; *F. Ins. & S. D. Co.* v. *R. I. Co.*, 81 Fed. Rep. 439.) The Prindle Company acquired

no lien by reason of its agreement with the Morse Company or otherwise. (*Arnold* v. *Delano*, 4 Cush. 38; *Lickbarron* v. *Mason*, 6 East, 21; *Husted* v. *Ingraham*, 75 N. Y. 251; *Harring* v. *Hoppock*, 15 N. Y. 409; *Ballard* v. *Burgett*, 40 N. Y. 314; *Payne* v. *Wilson*, 74 N. Y. 348; *McCaffrey* v. *Woodin*, 65 N. Y. 459; *Hale* v. *Omaha Bank*, 49 N. Y. 626; *Coats* v. *Donnell*, 94 N. Y. 168; *Reynolds* v. *Ellis*, 103 N. Y. 115; *Hovey* v. *Elliott*, 118 N. Y. 124.) The equitable power of the court should have been exercised only to the extent of excepting the Prindle Company's property from the foreclosure sale. (*Scheppelmann* v. *Feurth*, 87 Mo. 351; Jones on Mort. § 1929; *Adee* v. *Bigler*, 81 N. Y. 349; *Estes* v. *Wilcox*, 67 N. Y. 264; *O. Nat. Bank* v. *Olcott*, 46 N. Y. 12; *N. Y. D. & P. Co.* v. *De Westerberg*, 46 Hun, 281; *Akin* v. *Kellogg*, 119 N. Y. 447.) Whether the appeal from the judgment of foreclosure be sustained or not, the Prindle Company is without the right to have the mortgaged premises sold for its sole benefit. (*Corning* v. *Smith*, 6 N. Y. 82; *Merchants' Bank* v. *Thompson*, 55 N. Y. 7; *Barker* v. *Burton*, 67 Barb. 458; *Lee* v. *Parker*, 43 Barb. 611.)

*George M. Clark* and *Henry Galbraith Ward* for Prindle Engineering Company, respondent. The order of the Appellate Division affirming the judgment of the Special Term was right. (*Friedman* v. *Phillips*, 84 App. Div. 179; *Jacobie* v. *Mickle*, 144 N. Y. 237; *Older* v. *Russell*, 8 App. Div. 518; *Cromwell* v. *MacLean*, 123 N. Y. 474; *M. T. Co.* v. *T., etc., R. R. Co.*, 18 Abb. [N. C.] 368.) The Prindle Engineering Company had a right to be paid the sum awarded in the judgment in the foreclosure action by the sale of the mortgaged premises under said judgment. (*W. T. Co.* v. *M. I. W. & D. D. Co.*, 114 App. Div. 886.)

Haight, J. The defendant, the Morse Iron Works and Dry Dock Company, hereinafter called the Morse Iron Works Company, executed and delivered a mortgage on all of its

property and appurtenances then possessed and to be there-
after acquired to the plaintiff, as trustee, to secure the pay-
ment of its bonds, amounting in the aggregate to $450,000.
The mortgage covered a certain piece of real estate therein
described, with water rights and dry dock connected there-
with.. Subsequently the Morse Iron Works Company entered
into a contract with the Prindle Engineering Company, here-
inafter called the Prindle Company, under which that com-
pany constructed a flooding and pumping plant in the Morse
Iron Works Company's dry dock, for which the Prindle Com-
pany was to be paid the sum of $60,000, at times specified,
but containing a provision to the effect that the title of
the flooding and pumping plant was to remain in the
Prindle Company until final payment.   Payments were made
upon this contract from time to time amounting to the sum
of $33,847.86, leaving due thereon the sum of $26,162.14.
In February, 1903, the Morse Iron Works Company and
the Prindle Company entered into a supplemental agreement
in writing, whereby the Morse Iron Works Company gave to
the Prindle Company three promissory notes, each for
$8,717.38, payable respectively in November, 1903, February,
1904, and August, 1904, but the giving and acceptance of
these notes was not to be regarded as payment, and if default
was made in the payment of any one of the notes the whole
outstanding balance should immediately become due and pay-
able, and until the payment of all of the three notes the title
to the flooding and pumping plant should remain in the
Prindle Company as provided in the original agreement.
Subsequently, default was made by the Morse Iron Works
Company in the payment of the principal and interest upon
its bonds and also in the payment of the notes that it had
given to the Prindle Company.   Thereupon the plaintiff, as
trustee under the mortgage, commenced this action for the
foreclosure of the same, not making the Prindle Company a
party to the action, but subsequently, upon the application of
the Prindle Company, it was permitted to intervene and serve
an answer setting up the contract under which it had con-

structed the flooding and pumping plant and asking that it be adjudged to be the owner of the plant free and clear of the mortgage and that it be excepted from any sale that should be decreed of the premises and property of the Morse Iron Works Company, or in the alternative that the Prindle Company be first paid the amount owing to it out of the proceeds of the sale. There was an issue raised as to the amount that remained unpaid upon the Prindle Company's contract and other issues with reference to the bonded indebtedness, which were disposed of upon the trial, which resulted in a judgment of foreclosure and sale to pay the bonded indebtedness in which the sale was directed to include the plant of the Prindle Company, and that that company, after the payment of costs, should be first paid the amount due and owing to it as represented by the promissory notes heretofore referred to. In the meantime proceedings in bankruptcy had been instituted, and pending an appeal from the judgment entered in the foreclosure action the defendant Petze, as trustee in bankruptcy, sold all of the interest of the Morse Iron Works Company in the mortgaged property to one John P. Cadigan, who, shortly thereafter, assigned the property so purchased by him to the Morse Dry Dock and Repair Company, a new corporation organized to take over the property of the bankrupt, consisting chiefly of the creditors of the old corporation, who thereupon paid off the mortgaged indebtedness to the trustee and the mortgage was thereupon discharged as of record, but they did not pay the balance due upon the Prindle Company's contract. Subsequently, the judgment entered upon the foreclosure of the mortgage was affirmed in the Appellate Division and an appeal was then taken to this court. Thereafter a motion was made on behalf of the trustee in bankruptcy and the creditors who had taken over the property under the bankruptcy sale to vacate the judgment in the foreclosure action, or for an order bringing in the Morse Dry Dock Company, the new corporation, as a defendant in the action. The Special Term denied the motion to vacate the judgment and the motion to bring in the new corporation

as a party except for the purposes of the motion, but directed
that the sale of the premises under the foreclosure decree be
stayed and forbidden.   Thereupon the Prindle Company
appealed to the Appellate Division, which court reversed the
order of the Special Term in so far as it stayed the Prindle
Company from proceeding with the sale of the premises for
the purpose of paying the amount due to it under the terms
of the judgment.

With reference to the appeal from the judgment there is
but little open for review in this court.   The issue raised as
to the amount remaining unpaid upon the Prindle Company's
contract was a question of fact determined by the trial court,
and that question has been finally disposed of by the unani-
mous affirmance of the Appellate Division.   It is conceded on
behalf of the Prindle Company that upwards of $33,000 had
been paid upon their flooding and pumping contract, and,
therefore, the Morse Iron Works Company had acquired an
equity in the property to that extent, which passed to the
mortgagee as after-acquired property.   The Prindle Com-
pany, in its answer, had asked that its property should not be
included in the sale, or, in case it should be, that it should first
be paid out of the proceeds of such sale.   It, therefore,
devolved upon the trustee prosecuting the action to determine
as to whether it would insist upon including the Prindle
plant in the sale or have it omitted therefrom.   It appears as
a fact found in the case that the flooding and pumping plant
was necessary for the operation of the dry dock, and it was,
therefore, apparently determined that it would be for the best
interests of the creditors to have the pumping plant sold in
connection with the dry dock, for the reason that it could
continue its operation as such and would probably bring a
greater sum on account thereof.   We, therefore, are of the
opinion that the creditors have no valid complaint to make as
to the form of the judgment, and that so far as they are
concerned the appeal therefrom should be affirmed.

With reference to the appeal from the order, in which that
of the Special Term has been in part reversed, we differ with

the conclusion reached by the Appellate Division. The Prindle Company under their contract had no interest in or lien upon the mortgaged premises. It retained title to its own plant which it had constructed until it was paid for in full. The Prindle Company was not a necessary party to the foreclosure action, nor was it made a party by the action of the trustee. It was only through its own intervention that it was permitted to come into the litigation, but we are unable to see how by such intervention it was able to acquire any lien upon or interest in the mortgaged property that it did not theretofore possess. It held title to its own plant. It had the right to remove or sell it in case of default in payment of the balance due thereon; but it had no right nor did the court have any power to direct a sale, independently and solely for its benefit, of the other property upon which the trustee held a mortgage for the securing of the payment of the bonded indebtedness of the Morse Iron Works Company. It is true that the judgment entered directs that the Prindle Company be first paid the amount due it out of the proceeds of the sale, but our examination of the judgment fails to disclose any provision authorizing a sale solely for the purpose of paying such claim. The sale authorized by the judgment is for the payment of the bonded indebtedness secured by the mortgage, not that owing to the Prindle Company. True, when the trustee, through the judgment, sought to sell the property of the Prindle Company it had the right to be paid the balance, its due; but unless there was a sale of its property in connection with that which was being sold for the payment of the bonded indebtedness it had no cause for complaint so far as the trustee or the bondholders were concerned. We are, therefore, of the opinion that there could not be an independent sale made under this judgment for the benefit of the Prindle Company only, and that inasmuch as the bonded indebtedness has now been paid in full and the mortgage discharged there should be no sale made under the decree.

The Special Term was of the opinion that the judgment entered upon the foreclosure of the mortgage should not be

vacated for the reason that it determined certain questions of fact which, under the judgment, would become *res adjudicata.* We do not deem it necessary, or now advisable, to comment upon the effect that this judgment may have upon other litigations. We are, however, of the opinion that no sale should now be had for the purpose of paying the Prindle Company's claim, and in view of such determination it, doubtless, would be just to that company that the provision of the judgment in so far as it bars and forecloses the rights of all parties to the property ordered to be included in the sale should be modified so as not to apply to the property or plant of the Prindle Company. With that modification the judgment should be affirmed and the order of the Appellate Division reversing the order staying the sale of the property should be reversed and that of the Special Term affirmed, without costs of these appeals to either party, and the question certified answered to the effect that the Prindle Engineering Company has not the right to have the mortgaged premises now sold.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.