(71 Misc. Rep. 19.)

### LLOYD v. KILPATRICK et al.

(City Court of New York. February 17, 1911.)

1. BAILMENT (§ 18*)—REPAIRS TO AUTOMOBILE.
   Lien Law (Consol. Laws, c. 33) § 184, provides that the keeper of a garage, who repairs motor vehicles at the request or with the consent of the owner, has a lien upon the vehicle for the sum due for repairing it. Held, that the fact that an owner's employé had visited the garage several times while the automobiles were there, and saw work being done on them and parts furnished, did not show consent by the owner within the statute; knowledge not implying consent.
   [Ed. Note.—For other cases, see Bailment, Dec. Dig. § 18.*]

2. BAILMENT (§ 18*)—REPAIRS TO AUTOMOBILE—"OTHERWISE."
   The consent of the sublessee of the owner to, or his knowledge of, repairs made by a garage keeper to an automobile, was not sufficient to give the garage keeper a lien thereon, under Lien Law (Consol. Laws, c. 33) § 184, giving a lien for repairs made by order of the owner, whether conditional vendee, mortgagor, or otherwise; the words "or otherwise," in the statute, not including a lessee or sublessee.
   [Ed. Note.—For other cases, see Bailment, Dec. Dig. § 18.*
   For other definitions, see Words and Phrases, vol. 6, pp. 5105–5113.]

Action by Blanche Lloyd against David Kilpatrick and others. Judgment dismissing the complaint.

Cohen Bros., for plaintiff.

Colby & Goldbeck (John Kochendorfer, of counsel), for defendants Henry Ducasse & Co.

Jerome Eisner, for defendant Kilpatrick.

Philip J. Dunn, for defendant Butler.

DONNELLY, J. This is an action brought under section 184 of the lien law (Consol. Laws, c. 33) to impress a lien upon three certain automobiles for work, labor, and services and the furnishing of materials by the plaintiff. The section in question is as follows:

"Sec. 184. Lien of Bailee of Motor Vehicles.—A person keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article eleven of the Highway Law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle or furnishes gasoline or other supplies therefor at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, has a lien upon such motor vehicle for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle

---

or for furnishing gasoline or other supplies therefor and may detain such motor vehicle at any time it may be lawfully in his possession until such sum is paid."

It was conceded upon the trial that the defendants Henry Ducasse & Co., the owners of the automobiles in question, leased the automobiles to the defendant Thomas J. Butler, who in turn sublet them to the defendant Kilpatrick. The latter, while using them under his sublease, placed the said automobiles in the plaintiff's garage, and plaintiff claims a lien thereon for storage charges and the cost of certain repairs and supplies. It appears from the evidence that up to about March 7, 1910, the money derived from the operation of the automobiles was paid over to the defendant Kilpatrick, and that from about March 8, 1910, to May 13, 1910, the automobiles were run by the plaintiff under an arrangement with the defendant Kilpatrick by which the plaintiff was to have full charge and control of said automobiles and of the chauffeurs of the same, and whereby she was to pay the expenses of operation and herself out of the proceeds turned in to her by said chauffeurs, and return the surplus, if any, to the defendant Kilpatrick. On May 13, 1910, the plaintiff sent the three automobiles out as usual, with instructions to the chauffeurs to hack with the same and to return to the garage at the end of the working day with the proceeds of said day's business. The defendants Kilpatrick and Butler during this last-mentioned day, while the automobiles were out hacking, pursuant to the instructions of the plaintiff, took possession of said automobiles, without plaintiff's knowledge, whereupon plaintiff brought this action against Kilpatrick, Butler, and Henry Ducasse & Co. to foreclose her alleged lien, and caused the sheriff of New York county to seize the automobiles under a writ of seizure. After the automobiles had been taken from the plaintiff, two of said machines came into the possession of the defendants Henry Ducasse & Co., and the third into the possession of the New York Taxicab Company, not a party to this action. The plaintiff claims that there was $425 due her for storage, repairs, and maintenance of said automobiles on May 13, 1910. The defendants contend that the plaintiff's bill has been paid in full.

Prior to 1908 the keeper of a garage where automobiles were cleaned, repaired, and kept in proper condition and stored had no lien, either at common law or as an artisan, under section 70 (now 180) of the lien law, for storage, repairs, and maintenance of automobiles, because the owner reserved the right to use the automobile at his pleasure and thereby continuous possession was disturbed. Smith v. O'Brien, 46 Misc. Rep. 325, 94 N. Y. Supp. 673. Since 1908 the garage keeper has such lien for the storage, maintenance, keeping, and repairing of motor vehicles as section 184 of the lien law gives him. There seems to be no case reported construing this section. The language of section 3 of the lien law, however, is almost identical with that of this section, and there are numerous cases reported construing section 3, where it was sought to impress a lien against real estate of the owner for work and materials ordered by persons other than said owner.

Section 3 reads:

";With the consent or at the request of the owner thereof, or his agent, contractor or subcontractor."

Section 184 reads:

"At the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise."

In order to maintain this action successfully against the defendants Henry Ducasse & Co., the owners of the automobiles, the plaintiff must prove by a preponderance of evidence that she stored and repaired the automobiles and furnished supplies therefor at the request or with the consent of the said defendants. The only testimony on this point is that the said defendants had in their employ at the head of the repair department an employé named Boettcher, and that he on several occasions visited the plaintiff's garage while the automobiles were there, saw some work being done on the cars, and in addition furnished new parts for a portion of the automobiles. This testimony, in my opinion, is not sufficient proof of consent on the part of the defendant owner. Mere knowledge does not imply the consent mentioned in the statute. The cases cited by plaintiff in support of this contention, viz., Cowen v. Paddock, 137 N. Y. 188, 33 N. E. 154, and Spruck v. McRoberts, 139 N. Y. 193, 34 N. E. 896, do not hold any such doctrine. On the contrary, they are, in my opinion, authorities against, rather than in favor, of plaintiff's position.

In Rice v. Culver, 172 N. Y. 60, 64 N. E. 761, Judge Cullen said:

"There is a marked distinction between the passive acquiescence of an owner, in that he knows the improvements are being made, improvements which in many cases he has no right to prevent, and his actual and express consent or requirement that the improvements shall be made. It is the latter that constitutes the consent mentioned in the statute. To fall within that provision, the owner must either be an affirmative factor in procuring the improvement to be made, or, having possession and control of the premises, assent to the improvement in the expectation that he will reap the benefit of it."

In De Klyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719, the language of the court is:

"The owner's interest in his real estate is not liable in every case in which to his knowledge labor and materials are furnished for erections upon his real property or alterations in the existing erections. This case, as well as the others it cites, indicates that mere acquiescence in the erection or alterations, with knowledge, is not sufficient evidence of consent which the statute requires. There must be something more. Consent is not a vacant or neutral attitude in respect of a question of such material interest to the property owner. It is affirmative in its nature."

See, also, Garber v. Spivak, 65 Misc. Rep. 37, 119 N. Y. Supp. 269, and Seklir v. Krizer, 48 Misc. Rep. 25, 96 N. Y. Supp. 74.

The evidence in this case, while it might possibly show knowledge on the part of the defendants Henry Ducasse & Co., fails to show some affirmative act respecting the particular improvement from which their knowledge and consent may be properly inferred. As was said in the case of De Klyn v. Gould, supra, there are many

cases in which the owner's consent has been implied from the circumstances and his declarations and acts in respect to improvements (see Nat. Wall Paper Co. v. Sire, 163 N. Y. 132, 57 N. E. 293), but there is no testimony in this case tending to show acts or declarations on the part of the defendant owner which would bring it within the rule laid down in the case of Nat. Wall Paper Co. v. Sire. I accordingly find that the charges for which plaintiff claims a lien were not incurred either at the request or with the consent of the owners, Henry Ducasse & Co., as required by section 184 of the lien law.

The plaintiff, however, contends that, in order to impress a lien upon the automobiles in question, it was unnecessary to show that the work was done at the request or with the consent of Henry Ducasse & Co. She claims that the knowledge and consent of the defendants Butler and Kilpatrick was sufficient to impress said automobiles with a lien, because the statute reads:

"At the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise."

I do not believe that there is any merit in this contention. In the first place, the evidence, so far as Butler is concerned, is not sufficient under the authorities above cited to predicate a finding upon to the effect that the charges for which plaintiff claims a lien were incurred either at the request or with the consent of said Butler; and, even if it were, it would make no difference because he was only a lessee and not an owner. Kilpatrick was merely a sublessee, and his knowledge or consent was not sufficient under the terms of the statute to impress a lien upon the automobiles. Nothing is said in this statute about a lessee or a sublessee. The phrase "or otherwise," as used in the statute, cannot be extended to mean a lessee or a sublessee, because under the doctrine of ejusdem generis the words "or otherwise" can only embrace things of the same kind or class as those with which they are connected. A lessee or a sublessee is not ejusdem generis with an owner, a conditional vendee, or a mortgagor remaining in possession, and therefore their knowledge or consent cannot avail the plaintiff in this action. See Hickey v. Taffe, 99 N. Y. 204, 1 N. E. 685, 52 Am. Rep. 19; Wakefield v. Fargo, 90 N. Y. 218.

I therefore direct a judgment in favor of the defendants and against the plaintiff, dismissing plaintiff's complaint, with costs. Submit findings and judgment on three days' notice.