## PIERCE-ARROW FINANCE CORPORATION v. MITTEN et al.

No. 4796.   Decided January 24, 1930.   (284 P. 998.)

*Ben E. Roberts,* of Salt Lake ·City, for appellants.

*Romney & Nelson* and *W. D. Beatie*, all of Salt Lake City, for respondent.

CHERRY, C. J.

This is a controversy over the possession and ownership of a Pierce-Arrow automobile between the plaintiff, the assignee of the conditional seller of the car and the defendants Gordon Croft and Robert H. Croft, who assert a lien thereon for certain materials furnished and labor employed in the installation of air brakes on the car. The plaintiff had judgment, from which the defendants above named have appealed.

The sole question is whether, under the evidence, the asserted lien of defendants should have been sustained.

The automobile in question, when new and fully equipped was conditionally sold at Salt Lake City by the plaintiff's assignor to R. E. Mitten on October 5, 1926. Mitten was the inventor and interested in the demonstration and introduction of a system of air brakes for automobiles. The defendants Gordon Croft and Robert H. Croft were auto mechanics, and maintained a shop in Salt Lake City. Before agreeing to purchase the automobile in question, Mitten had the automobile examined at the store of the plaintiff's assignor, who was a retail dealer, to ascertain if it was suitable for the air brakes patented by Mitten. Being satisfied that his air brakes could be installed thereon, Mitten executed the contract for the purchase of the car, and ordered it delivered to Crofts' shop. The car was by the conditional seller so delivered and the defendants named thereupon, at Mitten's request, installed his system of air brakes on the car. For the material furnished and labor performed in such installation, the lien in question is asserted.

At the time when Mitten was negotiating for the purchase of the car, he asked the seller to furnish him with a "blueprint" of the braking system of the car. Later this was

furnished, and at Mitten's request delivered to defendant Gordon C. Croft, by the seller of the car.

After the installation of the new air brakes, the car was used by Mitten for the purpose of demonstrating the brakes, and was finally driven by him to California. He was in default with the payments due the seller for the car, and had not paid the defendants' claim for installing the air brakes. Mr. Gordon Croft, one of the defendants, went to California and got the car from Mitten and brought it to Salt Lake City. Thereafter this action was brought by the plaintiff to recover the car from the defendants.

Comp. Laws Utah 1917, § 3773, under which the lien is claimed, provides:

"Any mechanic or other person who shall make, alter repair, or bestow labor upon any article of personal property, at the request of the owner of such property, shall in like manner have a lien upon such articles for his reasonable charges for the labor performed and for any materials furnished and used in making such alteration, repair or improvement."

It is not contended that Mitten, the conditional buyer of the car, could, by his own act, create a lien upon the car in favor of the defendants, which could prevail against the title of the conditional seller. The contrary was held in *Cache Auto Co.* v. *Central Garage*, 63 Utah 10, 221, P. 862, 30 A. L. R. 1217. The ultimate argument in favor of the lien is that from the uncontradicted evidence the court was bound to find as a fact that the installation of the air brakes by the defendants was at the implied request of the conditional seller of the car. Unless this contention is sustained, the appeal must fail.

The uncontradicted evidence was that Mitten and one of the defendants examined the car in the presence of the conditional seller to ascertain if it was adapted for another type of brakes. A request was made for a blueprint of the braking system of the car, which was furnished. At the request of Mitten, the car was delivered to the defendants' shop. There is no evidence of any con-

versation or statement had or made with or in the presence of the conditional seller to the effect that different brakes were intended to be installed on the car. There was no necessity for alterations or repairs because the car was new and fully equipped for use. The most that can be inferred from the facts proved is that the conditional seller had knowledge that the installation was intended. That is not a necessary inference, but, if it is, knowledge does not necessarily imply consent, *Lloyd* v. *Kilpatrick*, 71 Misc. Rep. 19, 127 N. Y. S. 1096, much less request.

Upon the evidence here, the trial court found as a fact that the work done by the defendants for which the lien is claimed was without the request of the plaintiff or its assignor. We do not feel justified in disturbing the finding, and the fact as found is fatal to the asserted lien.

Judgment affirmed.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.