COHOCTON VALLEY GARAGE, Plaintiff, *v.* LYNN W. KELLOGG, Sheriff, Defendant.

Supreme Court, Steuben County, March 18, 1930.

*Walter N. Thwing,* for the plaintiff.

*Crane & Stedman,* for the defendant.

RODENBECK, J. The complaint is defective in that it does not state that at the time the levy was made the vendee was in default. It is not sufficient to allege that " prior " to August 30, 1929, the vendee failed to pay the note in question. The note was made on August 16, 1928, and was to be paid September 16,

1928. The vendee may have been in default some time prior to August 30, 1929, but not in default when the levy·was made. The complaint should state definitely when the levy was made and that at that time the vendee was in default in a certain sum. The right to recover possession of the automobile depends upon the existence of a default when the levy was made and not some time " prior " to the levy. Other allegations in the complaint ·as to default, right to possession and conversion are conclusions and not statements of facts, showing the right of the plaintiff to maintain the action. Whether there is a leviable interest or not (*Hasbrouck* v. *Lounsbury*, 26 N. Y. 598; *Herring* v. *Hoppock*, 15 id. 409; *Dyett* v. *Hyman*, 129 id. 351, 355; *Baker* v. *Hull*, 250 id. 484, 486; *Friedman* v. *Phillips*, 84 App. Div. 179; *Nelson* v. *Gibson*, 143 id. 894), if there was a default under the conditional sales contract, the right of the vendor plaintiff to possession is superior to that of the vendee or the sheriff under a levy under execution. Under the contract the title remained in the vendor and the vendee had the right of possession only, subject to the conditions of the contract. If this possession is unlawfully interfered with, the vendor has a remedy to recover the property, if there is a default, and the vendee, if there is no default. The contract provides what the vendor can recover in case of default and retaking, and if there is no default the cause of action for unlawful interference with possession obviously belongs to the vendee. · The vendor has no cause of action so long as the terms of the contract, as it may be modified, are observed. (Pers. Prop. Law [Uniform Conditional Sales Law], §§·62–64, added by Laws of 1922, chap. 642.)* Under the guise of a conditional sales contract a vendor should not be permitted to shield a vendee from the payment of his just debts.

The complaint is dismissed, with leave to amend within twenty days upon payment of ten dollars costs of motion.

---

* Section 64 was amended by Laws of 1925, chapter 561.— [REP.