B. G. WILLIS v. MRS. EVA TAYLOR and MRS. GEORGIA CARRAWAY, Trading as MOTOR SERVICE COMPANY, and B. O. TAYLOR.

(Filed 14 October, 1931.)

Mechanic's Liens A c—Held: Person ordering repairs was not owner or legal possessor of car and mechanic's lien did not attach thereto.

Where the purchaser of an automobile gives the seller a title-retaining contract to secure the balance of the purchase price, and thereafter gives a second lien on the car to another, and later the second lienor takes possession from the purchaser without legal process and has the car repaired, *Held:* the second lienor was not the owner or legal possessor of the car within the intent and meaning of C. S., 2435, and the one making the repairs obtains no lien therefor under the statute and is not entitled to possession as against the first lienor.

CIVIL ACTION, before *Harris, J.,* at May Special Term, 1931, of PITT.

W. R. Willis, brother of the plaintiff, bought an automobile from the defendants, trading as Motor Service Company, on 16 April, 1928, and executed as security for the payment of the balance of the purchase price a conditional sales contract which was duly recorded. Said conditional sales contract was transferred to the C. I. T. Corporation for value, and subsequently the plaintiff became the owner of the paper by transfer from the C. I. T. Corporation. There is a balance due the plaintiff on said contract of $371.00. The purchaser, W. R. Willis, mortgagor, was permitted to use the car and did use the same continuously from the date of purchase. On 5 May, 1930, W. R. Willis executed a second lien to the defendant, Motor Service Company, upon the car to secure the payment of $302.88. This second paper was duly transferred to the C. I. T. Corporation. In October or November, 1930, the C. I. T. Corporation, under and by virtue of the second lien, above referred to, took possession of the car, without legal process, and turned the same over to the defendant, Motor Service Company, in order to have certain repairs made. The defendant, Motor Service Company, made repairs upon the car amounting to $362.53. Thereafter, on or about 3 January, 1931, the plaintiff issued claim and delivery papers for the possession of the car, but the same was held by the defendant, Motor Service Company, by virtue of its claim for repairs and the lien provided by C. S., 2435.

The car was sold under said mechanic's lien by the defendants.

The jury found that the amount due the plaintiff on the first lien was $371.88. The second issue was as follows: "Is the plaintiff entitled to the possession of said car as alleged in the complaint?" The trial judge instructed the jury to answer the second issue "Yes."

From judgment upon the verdict the defendants appealed.

*W. G. Sheppard, John B. Lewis and W. D. Pruden for plaintiff.*
*R. T. Martin for defendants.*

BROGDEN, J. Is a mechanic's lien for work done on an automobile by the procurement of the second mortgagee or lien holder, superior to the rights of the first mortgagee?

No point is made as to whether W. R. Willis, the mortgagor, was in default upon his payments on the first mortgage, payable to his brother, B. G. Willis, the plaintiff in this action. The car was in the possession of the mortgagor apparently with the consent and approval of the holders of both the first and second liens. Upon this state of facts the defendants contend that by virtue of provisions of C. S., 2435, the mechanic's lien for repairs on said car has priority over the claim of

the plaintiff, the holder of the first mortgage or lien. It was decided in *Johnson v. Yates,* 183 N. C., 24, 110 S. E., 603, and in *Sales Co. v. White,* 183 N. C., 671, 110 S. E., 607, that if a mortgagor of an automobile was permitted to hold possession thereof and use the same, such mortgagor had implied authority to contract for repairs upon the car and the lien prescribed by C. S., 2435, for such repairs, was entitled to priority over the claim of the holder of the first mortgage. The decision was built upon the idea that a mortgagor was such "owner or legal possessor of such property" as to make a valid contract for repairs, thus giving priority to the mechanic doing the work. The law as announced in the *Yates case* interpreted the words "owner or legal possessor of such property" to include "all owners of property and all persons in possession and use of same with the knowledge and assent of the owner and under circumstances giving express or implied authority from him to have such reasonable and necessary repairs made as may be required in the use of the property contemplated by the parties."

In the case at bar the second mortgagee or lien holder was never in possession of the property and never used the same. Hence it was not the "owner or legal possessor of such property" within the contemplation of C. S., 2435. See *Harris v. R. R.,* 190 N. C., 480, 130 S. E., 319; *Motor Co. v. Motor Co.,* 197 N. C., 371, 148 S. E., 461; *Reich v. Triplett,* 199 N. C., 678, 155 S. E., 573.

It follows, therefore, that the instruction given by the trial judge was correct.

Affirmed.