C. I. T. Corporation, Plaintiff, *v.* Miklow Realty Corporation and Javan A. Steele, Individually and as Marshal of the City of New York, Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, April 29, 1935.

*Joseph G. Myerson* [*Matthias Cook* of counsel], for the plaintiff.

*David Michaels*, for the defendant Miklow Realty Corporation.

*Nathan Ehrenzweig*, for the defendant Javan A. Steele, individually and as marshal of the city of New York.

GENUNG, J. Plaintiff has brought this action against an execution judgment creditor and a city marshal for their conversion of a Chevrolet sedan automobile through their levy and sale thereof.

The car was purchased by one Cofield from Warren Nash Motor Corporation on May 23, 1934, under and pursuant to a conditional sale contract, which was assigned by the automobile dealer to the plaintiff. The contract was properly filed on July 6, 1934.

In September, 1934, the defendant Miklow Realty Corporation, executing upon a judgment obtained by it against Cofield, by the defendant marshal, levied upon the Chevrolet. At the time of the levy there was due to the plaintiff the sum of $255.96. On September 22, 1934, plaintiff filed an affidavit of claim with the attorney for the Miklow Realty Corporation and the marshal personally, in which was set forth the basis for plaintiff's claim for the automobile and in which notice was also given that the defendants would be held liable by this plaintiff for any damages resulting from the sale of the car. Notwithstanding the filing and plaintiff's demand for the automobile, it was sold by the defendants on October 2, 1934, for $150.

The law is well settled that a conditional vendee of a chattel does not have such an interest in the property as is subject to levy and sale. In *Herring* v. *Hoppock* (15 N. Y. 409) suit was brought for the conversion of a safe which was purchased from the plaintiff for $235. In connection with the said purchase, a note for the balance of the purchase price was given payable in six months and a written agreement entered into wherein it was provided that title to the safe should be retained by Herring until the note be paid. Before payment the safe was levied upon by the defendant Hoppock. Plaintiff notified the sheriff of his title to the safe, and thereafter it was sold by the sheriff. The court held such a levy and sale by the sheriff was tortious as against the plaintiff, and made him liable therefor as a wrongdoer to the plaintiff, and, if not technically liable as a trespasser for the taking, he was clearly liable for the conversion of the property by an illegal sale thereof.

In *Baker* v. *Hull* (250 N. Y. 484) the Court of Appeals, citing *Herring* v. *Hoppock* (*supra*) and other cases, held that under a conditional sale contract at common law no title passes to the buyer until the contract price had been paid, that the common-law rule had been declared by statute (Pers. Prop. Law, §§ 64 and 65), and

consequently neither an execution issued against the property of the buyer nor a levy thereunder gave rise to a lien upon the chattels sold, since no title passed to the conditional vendee to become subject to the lien of an execution.

To the same effect are *Whitney* v. *Biggs* (92 Misc. 424) and *General Motors Acceptance Corporation* v. *Barnett* (142 id. 192).

Under the facts presented, plaintiff is entitled to judgment against both defendants in the sum of $255.96. Ten days' stay of execution.