GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff, *v.* JOHN J. BAKER, Doing Business under the Trade Name and Style of BAKER'S GARAGE, REILLY & GOLDBERG, INC., and Others, Defendants.

Municipal Court of New York, Borough of Queens, Fourth District, November 25, 1936.

*Scholer & Rappaport [Samuel J. Rappaport* of counsel], for the plaintiff.

*Samuel Train,* for the defendant Baker.

PETTE, J.   This is a motion for summary judgment on behalf of the plaintiff, pursuant to rule 113 of the Rules of Civil Practice.

From the somewhat lengthy affidavits and respective briefs, exhibits, etc., I have found the following salient and undisputed facts, which present a novel question of law in this State:

On the 21st day of May, 1936, one Fred Behan purchased an automobile from Edande Motors, Inc., and executed and delivered a certain conditional sales contract.   Thereafter the said conditional sales contract was assigned to the plaintiff.   The conditional sales contract was duly filed pursuant to section 66 of the Personal Property Law in the office of the city or town clerk in which the buyer resided.

Thereafter, on June 5, 1936, said Fred Behan, the conditional vendee of said automobile, purchased a rebuilt tire from Reilly & Goldberg, Inc., and executed and delivered to it what purported to be a chattel mortgage on the automobile, together with a conditional sales contract covering the purchase of the tire, to secure the unpaid price of twenty dollars and forty cents.

Behan failed to pay the installments provided for in the chattel mortgage, and Reilly & Goldberg, Inc., seized the automobile from the conditional vendee, Fred Behan, on August 15, 1936. The defendant Baker, who is the only defendant served with process in this replevin action, is the owner and operator of a public garage.

At the request of Reilly & Goldberg, Inc., the defendant Baker towed the truck from Freeport, Long Island, to his garage in Brooklyn, where the truck was stored from August 15, 1936, to October 1, 1936.   Said defendant claims that there is due and owing to him the sum of sixty-seven dollars as the reasonable value of said towing and storage.

On September 21, 1936, Behan defaulted in the payment of an installment under the conditional sales contract assigned to the plaintiff.

Plaintiff then brought this action, to replevy the automobile, and the defendant interposed a counterclaim for the sum of sixty-seven dollars and asserted a garageman's lien under section 184 of the Lien Law.   The truck was taken from the defendant Baker by the plaintiff's city marshal pursuant to a writ of replevin.

The defendant Reilly & Goldberg, although named as a defendant herein, has not been served with any process.

In my opinion the determining factor on this motion is the construction of section 184 of the Lien Law which provides: "A person keeping a garage or place for the storage, maintenance, keeping or repair of motor vehicles, as defined by article eleven of the Highway Law, or of motor cycles, as defined by article eleven-a of the Highway Law, or of motor boats, as defined by article four-a of the Navigation Law, and who in connection therewith stores, maintains, keeps or repairs any motor vehicle, motor cycle, or motor boat, or furnishes gasoline or other supplies therefor *at the request or with the consent of the owner, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise*, has a lien upon such motor vehicle, motor cycle or motor boat for the sum due for such storing, maintaining, keeping or repairing of such motor vehicle, motor cycle, or motor boat or for furnishing gasoline or other supplies therefor and may detain such motor vehicle, motor cycle."

It is clear, from the wording of the statute, that *ownership* of the automobile is a most important element to be considered. In the instant case *it is undisputed that legal title to the automobile was, and still is, in the plaintiff, conditional vendor.*

Under a conditional sales contract, at common law, no title passed to the buyer until the contract price had been paid. Consequently, neither an execution issued against the property of the buyer, nor a levy thereunder, gave rise to a lien upon the chattel sold. (*Herring* v. *Hoppock*, 15 N. Y. 409; *Hasbrouck* v. *Lounsbury*, 26 id. 598; *Ballard* v. *Burgett*, 40 id. 314; *Cole* v. *Mann*, 62 id. 1; *Goetschius* v. *Brightman*, 245 id. 186.) The common-law rule, with exceptions stated, has been declared by statute, Personal Property Law, sections 64, 65. Section 64 states the rule: "Every provision of a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons, except as hereinafter otherwise provided." Section 65 states the exceptions: "Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided." As to all creditors, except those who acquire a *lien by levy or attachment*, the condition remains valid, and no title passes to become subject to the lien of an execution. (*Baker* v. *Hull*, 250 N. Y. 484.)

It was concurrently the rule that neither an execution nor a levy thereunder created a lien against chattels in the hands of a conditional buyer; for, since the buyer acquired no title, the chattels

were not " goods or chattels of a judgment debtor " to which the lien of an execution might attach. (*Herring* v. *Hoppock, supra; Baker* v. *Hull, supra; C. I. T. Corp.* v. *Miklow Realty Corp.*, 157 Misc. 120; *Whitney* v. *Biggs*, 92 id. 424; *General Motors Acceptance Corp.* v. *Barnett*, 142 id. 192.)

In the case of *Cohocton Valley Garage* v. *Kellog* (136 Misc. 283) it was held that if there was a default under a conditional sales contract, the right of the vendor plaintiff to possession was superior to that of the vendee or the sheriff under a levy under execution. Under the contract, the title remained in the vendor, and the vendee had the right of possession only subject to the conditions of the contract. If this possession was unlawfully interfered with, the vendor had a remedy to recover the property if there was a default, and the vendee if there was no default.

It is asserted by the defendant that Reilly & Goldberg, Inc., must be deemed the *legal possessor* of the automobile within the language of section 184 of the Lien Law.

In the leading case of *New York Yellow Cab Co. Sales Agency, Inc.*, v. *Laurel Garage, Inc.* (219 App. Div. 329), the same issue was raised and the court ruled: " But the phrase ' legal possessor,' as thus used, was not intended to mean every person who might be legally or lawfully in possession. The term was used in the sense of one who, but for the reservation of strict legal title in a conditional vendor, or the giving of a strict legal title to a chattel mortgagee, would have the status of a full and unqualified owner. Nothing is here shown to establish such relationship on the part of the persons who stored the cars. Mere possession alone appears and this in itself seems insufficient to establish even implied consent on the part of an owner, especially where the identity of such owner is clearly disclosed in the record."

In the instant case the defendant did not come into possession of the car by any voluntary act of the plaintiff. The possession which Reilly & Goldberg, Inc., took was not the possession of the plaintiff, but that of Behan, the conditional vendee, who had no legal title whatsoever. Sufficient authority on this point is set forth in the opinion of *Rapp* v. *Mabbett Motor Car Co., Inc.* (201 App. Div. 283), wherein it was held: " The lawful possession referred to in the statute must relate to possession derived from the owner as defined in the statute or from one acting under the authority, or with the consent or acquiescence of the owner and not to possession entirely unconnected with or even hostile to such owner's right. If so great a change in the law as defendant's contention implies had been intended by the Legislature, it should have been more clearly expressed."

The rights of Reilly & Goldberg, Inc., were obviously hostile to that of Fred Behan, the conditional vendee. It is conceded that at no time did the defendant Baker repair, store, etc., the automobile in question, or do anything at all at his request or with his consent, express or implied. The lawful possession referred to in the Lien Law must relate to possession derived from the owner as defined therein, or from one acting under his authority or with his consent or acquiescence. (*Rapp* v. *Mabbett Motor Car Co., Inc.,* *supra; New York Yellow Cab Co. Sales Agency, Inc.,* v. *Laurel Garage, Inc., supra.*)

In the case of *Lloyd* v. *Kilpatrick* (71 Misc. 19) it was held that the garageman must establish his mechanic's lien by a preponderance of evidence that he stored and repaired the automobile at the request or with the consent of the owner. The only testimony introduced in that action was to the effect that an employee had visited the garage and saw the work being done. It was held that this did not constitute sufficient proof of consent on the part of the owner. Mere knowledge did not imply consent mentioned within the statute, by reason of the fact that the automobiles had been stored with the garageman by the *sublessee.* Nothing was mentioned in the statute about a lessee or sublessee. The phrase " or otherwise " as used in the statute, could not be extended to mean a lessee or a sublessee because, under the doctrine of *ejusdem generis,* the words " or otherwise " can only embrace things of the same kind or class as those with which they are connected. A lessee or a sublessee is not *ejusdem generis* with an owner, a conditional vendee, or a mortgagor remaining in possession; and, therefore, their knowledge or consent cannot avail the plaintiff in this action. (*Hickey* v. *Taaffe,* 99 N. Y. 204; *Wakefield* v. *Fargo,* 90 id. 218; *Lloyd* v. *Kilpatrick, supra.*)

In a more recent case, *Auto Dealers' Discount Corp.* v. *Budd* (242 App. Div. 37), it was held that where a sheriff stored an automobile without legal authority from the owner, the garage keeper could have no lien for storage.

Similarly, in the case of *General Motors Acceptance Corp.* v. *Barnett* (142 Misc. 192), it was held that a garage keeper could not claim a lien on an automobile for storage thereof at the request of the conditional vendee's judgment creditor or city marshal acting under a levy, since he could not get that which they could not give.

In the same train of thought it has been held that a garage keeper in order to establish a lien on an automobile for repairs must prove that he performed the work under an agreement, express or implied, with the owner, and where an implied agreement is claimed he must also prove the condition of the car and that the repairs were reason-

ably necessary. (*Granier* v. *DeMarco*, 171 N. Y. Supp. 258; *New York Yellow Cab Co. Sales Agency, Inc.*, v. *Laurel Garage, Inc.*, 219 App. Div. 329.)

At this point it is essential to analyze the nature of the purported chattel mortgage executed by Behan, the conditional vendee, to Reilly & Goldberg, Inc., under which the automobile was seized by said corporation and stored with the defendant Baker.

The Court of Appeals, in *Parshall* v. *Eggert* (54 N. Y. 18, 23), defines a chattel mortgage as follows: "A chattel mortgage *is a present transfer of the title to the property* mortgaged, subject to be defeated on payment of the sum or instrument it is given to secure. In default of performance by the mortgagor of the condition, the title of the mortgagee becomes absolute."

Similarly, this idea was enlarged upon by the same court in *Rochester Distilling Co.* v. *Rasey* (142 N. Y. 570), wherein it was stated: " The idea of a chattel mortgage is that of a *conveyance* of personal property to secure the debt of the mortgagor; which, being conditional at the time, becomes absolute if, at a fixed time, the property is not redeemed."

In the instant case the court must take cognizance of the plaintiff's conditional sales contract which was duly filed under the provisions of the Personal Property Law with the town or village clerk, in the town of Brookhaven, in the village of Patchogue, county of Suffolk, State of New York (under file No. 543), that being the office of the city or town clerk in the city or town in which the buyer, the said Fred Behan, resided. Under the conditional sales contract no title passed to the buyer until the contract price had been paid. (*Baker* v. *Hull*, 250 N. Y. 484.) *It is elementary, therefore, that since the conditional vendee had no legal title he had no capacity to execute and deliver a valid chattel mortgage to Reilly & Goldberg, Inc., because by the very nature of said instrument it would necessarily operate to transfer title to the property presently; this was impossible as a physical fact by reason of the valid, filed conditional sales contract, and of which Reilly & Goldberg, Inc., were bound to know as a matter of law under our recording acts. Reilly & Goldberg, Inc., not having any legal title created in their favor by the invalid chattel mortgage, could not create a valid lien upon the automobile in favor of the defendant Baker in accordance with the provisions of section 184 of the Lien Law.*

Furthermore, the plaintiff's conditional sales contract was executed and properly filed prior to the purported chattel mortgage, said chattel mortgage being in violation of the expressed provisions of the conditional sales contract, paragraph 5, which provided:

" 5. *Purchaser shall keep said property free of all taxes, liens and encumbrances;* shall not use same illegally, improperly or for hire; shall not remove same from the State without permission of the holder of this contract; *shall not transfer any interest in this contract or said property.*"

Under the Uniform Conditional Sales Law, article 4 of the Personal Property Law, sections 60 to 80, inclusive, the seller retains title and not mere lien or claim, and while relationship between parties is in many respects similar to that under a chattel mortgage, there is a difference between a conditional sale and a chattel mortgage which cannot be ignored by courts. (*Matter of Lake's Laundry,* [D. C. N. Y. 1935] 11 Fed. Supp. 237; affd., [C. C. A. 1935] 79 F. [2d] 326; 102 A. L. R. 247.)

As a general rule a vendor or a pledgor can convey no greater right or title than he has. This is a truism applicable to a simple transfer from one party to another where no other element intervenes. It does not interfere with the well-established principle that where the true owner holds out another or allows another to appear as the owner of, or as having full power of disposition over, property and innocent third parties are misled into dealing with such apparent owner, an innocent purchaser, for value and without notice, will be protected. This principle of law is well stated by the Court of Appeals in *McNeil* v. *Tenth National Bank* (46 N. Y. 325, at p. 329): " Their rights in such cases do not depend upon the actual title or authority of the party with whom they deal directly, but are derived from the act of the real owner, which precludes him from disputing, as against them, the existence of the title or power which, through negligence or mistaken confidence he caused or allowed to appear to be vested in the party making the conveyance. (*Pickering* v. *Busk,* 15 East, 38; *Gregg* v. *Wells,* 10 Adol. & El. 90; *Saltus* v. *Everett,* 20 Wend. 268, 284; *Mowrey* v. *Walsh,* 8 Cow. 238; *Root* v. *French,* 13 Wend. 570.) "

The simple act of intrusting possession of a chattel to another as a pledgee or bailee is insufficient to preclude the real owner from reclaiming his property, in the event of an unauthorized disposition thereof by the person so intrusted. (*Ballard* v. *Burgett,* 40 N. Y. 314.)

Where a party possesses all of the external indicia of title and an apparently unlimited power of disposition over it, an innocent third party, for value and without notice,. is not bound by the limitations imposed upon the agent by his principal. (*McNeil* v. *Tenth National Bank,* 46 N. Y. 325, at p. 333; *Commercial Bank of Buffalo* v. *Kortright,* 22 Wend. 348, 362.)

The principles of agency are not applicable to this case; nor can the court find herein the essential elements of any estoppel. Generally, as between two persons equally innocent, a loss resulting from the fraudulent acts of another must rest upon him by whose act or omission the fraud was made possible. This rule operates only to protect those who, in dealing with others, exercise ordinary caution and prudence, and who deal in the ordinary way and in the usual course of business and upon the ordinary evidences of right and authority in those with whom they deal and as against those who have voluntarily conferred upon others the usual evidences or indicia of ownership of property or an apparent authority to deal with and dispose thereof. In such cases, for obvious reasons, the law creates an estoppel, and, as against the true owner, the law declares that the apparent title which exists by this act, or omissions to act, shall, as to persons acting and parting with value upon the faith of it, be deemed good, and the holder thereof shall be regarded as the new real owner. (*Barnard* v. *Campbell*, 55 N. Y. 456.)

The rule with respect to estoppel is stated in *Barnard* v. *Campbell* (55 N. Y. 456, 463) as follows: " Two things must concur to create an estoppel by which an owner may be deprived of his property, by the act of a third person, without his assent, under the rule now considered. 1. The owner must clothe the person assuming to dispose of the property with the apparent title to, or authority to dispose of it; and, 2. The person alleging the estoppel must have acted and parted with value upon the faith of such apparent ownership or authority, so that he will be the loser if the appearances to which he trusted are not real. In this respect it does not differ from other estoppels *in pais*. (*Weaver* v. *Barden*, 49 N. Y. 286; *McGoldrick* v. *Willets*, 52 N. Y. 612; *City Bank* v. *R.*, *W. & O. R. Co.*, 44 N. Y. 136; *Saltus* v. *Everett*, 20 Wend. 267; *Wooster* v. *Sherwood*, 25 N. Y. 278; *Brower* v. *Peabody*, 3 Kern. [13 N. Y.] 121.) "

In accordance with the foregoing authorities, I grant plaintiff's motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, and dismiss the counterclaim of the said defendant Baker.