MEISEL TIRE COMPANY, INC., Plaintiff, *v.* LESTER FISHMAN, Defendant.

City Court of Rochester, Civil Branch, June 22, 1937.

*Arthur E. Rosenberg*, for the plaintiff.

*Lester Fishman*, *pro se*.

GITELMAN, J.   On or about the 28th day of April, 1936, Voke Motors delivered to one Maurice E. Worsaa a Plymouth coach automobile in accordance with the terms of a conditional sales agreement entered into between them on that date and marked Exhibit A in evidence.   It was assigned to the Credit Acceptance Corporation the same day and duly filed.   It contained the following language: " It is agreed that the title to, ownership in, and right of possession of said chattel are vested in you and your assigns until said indebtedness   *   *   *   shall have been fully paid in money, at which time ownership shall pass to me."   It provided for certain monthly payments to be paid by the vendee, Worsaa, and contained the following clause: " If any of my indebtedness shall become due and remain unpaid in whole or in part, or if said chattel is removed from the filing district, or if I shall sell or encumber or shall attempt to sell or encumber said chattel   *   *   *   the full amount unpaid hereunder shall become due and payable forthwith."

Thereafter and on or about the 5th day of October, 1936, said conditional vendee, Worsaa, purchased a car radio and heater from this plaintiff in accordance with the terms of a conditional sales contract for said equipment by which Worsaa agreed to pay the sum of $75.25 in weekly payments and, in the event such payments were not made, gave the plaintiff the right to declare the unpaid balance immediately due and payable.   Said Worsaa, at the same time that he purchased said equipment, executed a chattel mortgage on the above automobile to the plaintiff as security for the payment of said $75.25.   Both the conditional sales contract for the equipment and the chattel mortgage were duly filed.   Worsaa defaulted in his payments, leaving a balance due and payable to the plaintiff of $53.25.

After the execution and filing of both of said conditional sales contracts and the chattel mortgage, the defendant acquired posses-

sion of the automobile, radio and heater by purchasing them at a constable's sale duly held upon execution of a judgment rendered against said Worsaa. The plaintiff has demanded payment of the balance of $53.25 from the defendant or the return of the automobile, radio and heater. The defendant has refused to return said automobile, but has offered to return the heater and radio on condition that the plaintiff release any claim that it alleges to have against said automobile by virtue of the above chattel mortgage. The plaintiff has refused to accept the radio and heater on said condition and has started this action to recover possession of the automobile and the equipment from the defendant, or the sum of $53.25, which sum has been stipulated as the value thereof after allowing for the amount due to the Credit Acceptance Corporation on the original conditional sales contract in the sum of $280.62.

The defendant contends that the chattel mortgage given by Worsaa was void at its inception and that, when he obtained title to the automobile, he took it free and clear of any claim plaintiff might have by reason of said mortgage. He relies upon the case of *General Motors Acceptance Corporation* v. *Baker* (161 Misc. 238, 243) and the cases cited therein. In that case the conditional vendor assigned its contract to the plaintiff. Thereafter the conditional vendee executed a chattel mortgage. On his default in making payments on the mortgage the mortgagee seized the automobile and stored it with the defendant. When the plaintiff sought to recover the car from the defendant, he set up as a defense a garageman's lien. The court held that the lien is statutory and the defendant did not come within the statute as he did not obtain the car at the request or with the consent of the owner. The only issue was whether or not the defendant had a garageman's lien. The court went on to discuss the legal effect of the chattel mortgage and as dicta came to the conclusion that inasmuch as a chattel mortgage has been defined as " a present transfer of the title to the property mortgaged, subject to be defeated on payment of the sum * * * it is given to secure. In default * * * [thereof] the title of the mortgagee becomes absolute," the conditional vendee having no title could pass none to the mortgagee, and hence the mortgage was void. While the court cited cases to uphold its definition of a chattel mortgage, it failed to cite any in which a chattel mortgage given under the circumstances at bar has been declared void.

The court holds that the chattel mortgage given by Worsaa to the plaintiff was good, and it having been duly filed created a lien in favor of the plaintiff. (See *Auto Mortgage Co., Inc.,* v. *Montigny,* [Sup.] 168 N. Y. Supp. 670; *Friedman* v. *Phillips,* 84 App. Div. 179; *Levy* v. *Horn,* 90 Misc. 624; *Washington Trust Co.*

*of City of New York* v. *Morse Iron Works & Dry Dock Co.*, 106 App. Div. 195; 187 N. Y. 307.)

The defendant contends that, even if a conditional vendee might ordinarily have the right to execute a chattel mortgage, the mortgage given by Worsaa was illegal and void at its inception because of the language of the conditional sales contract, which prohibited him from incumbering the chattel. The terms of the agreement were in line with section 73 of the Personal Property Law, and the effect of the giving of the mortgage was merely to accelerate the payment of the balance so that the vendor could demand immediate payment thereof. Section 73 specifically provides that the buyer may sell, mortgage or otherwise dispose of his interest. His doing so creates certain rights in the vendor, as it did in the instant case. It gave no one else any rights and certainly gave none to this defendant, who was a stranger to the transaction, until he became the purchaser of Worsaa's interest in the car.

The defendant's possession of the automobile may in itself be used as an illustration as to the rights of the parties. He acquired possession by purchase at a sale held upon execution of a judgment rendered against Worsaa. The interest of a conditional vendee is not subject to levy and execution. (See *Baker* v. *Hull*, 250 N. Y. 484; *C. I. T. Corporation* v. *Miklow Realty Corporation*, 157 Misc. 120. See, also, *General Motors Acceptance Corporation* v. *Baker*, 161 id. 238.) While this is true, the defendant has possession and for all practical purposes has succeeded to the equity that Worsaa had in the automobile and no one can question his possession other than the conditional vendor, and, under the facts of this case, the plaintiff. If the conditional vendor does not see fit to demand immediate payment of the balance due it, a stranger could not demand possession of the automobile from the defendant even though he has no legal title thereto. This being true as to him, illustrates how much more definite is the position of the plaintiff. It received a valid legal mortgage, the execution and filing of which gave the conditional vendor the privilege of demanding immediate payment of the balance due it. The fact that the vendor has not seen fit to exercise that privilege does not affect the status of the mortgage nor the rights of the parties.

For the reasons stated, the judgment of the court is that the plaintiff have and recover of the defendant the possession of the automobile, radio and heater set forth in the complaint herein, or the sum of $53.25, which is hereby fixed as the value thereof, subject to the interest of the Credit Acceptance Corporation, in said automobile, in the sum of $280.62, if a recovery cannot be had, and also recover costs as follows:

Court costs, $1.50; statute costs, $10; total $11.50.