**R. L. BRILEY, Appellant,**

v.

**DONALD KNUDTSON IMPLEMENT, Respondent.**

No. 7909.

Supreme Court of North Dakota.

Dec. 21, 1961.

Rehearing Denied Jan. 5, 1962.

Bosard, McCutcheon & Coyne, Minot, for appellant.

John E. Williams, Washburn, for respondent.

**558**

BURKE, Judge.

This appeal is from a judgment, entered in favor of the defendant, in an action for the recovery of personal property. Plaintiff had secured possession of the property, at the time the action was commenced, by claim and delivery proceedings and the judgment is for the redelivery of the property to the defendant or for monetary damages in the sum of $489.60. Plaintiff has appealed from the judgment and demanded a trial anew in this court.

The plaintiff, R. L. Briley, is a contractor, engaged in the business of transporting materials and equipment by truck. In the fall of 1957, he entered into a contract with James and Beckman Construction Co. to transport twelve steel bridge girders from Riverdale, N. D. to Fort Pierre, S. D. Before performance of the contract could be commenced, however, it was necessary for him to secure operating capital in the sum of $3,000.00. This was provided for him by Walter Madison, who signed a note for that amount. Madison thereupon became a joint adventurer with Briley in the performance of the contract. He was to have fifty percent of the net profits. On the job, Madison and Briley worked together. Madison furnished one truck and Briley furnished the rest of the equipment. One of Briley's sons, who was working on the job with them, died on November 12, 1957, as a result of injuries received in an automobile accident on November 9th. At the hospital immediately after the son died, Briley told Madison that he was taking his son's body back to Texas and that he would not return. He gave Madison an assignment of his interest in the hauling contract and asked him to finish the job.

Thereafter Madison hired William Reise, who owned adequate trucking equipment to help him. William Reise hired his brother Joe Reise to help him. One of Briley's trucks equipped with a winch, which Briley had left at Riverdale, was used on the job. This truck broke down, and Joe Reise had it taken to the Knudtson Implement Co. for repairs. The bill for the repairs was $421.39. It was not paid and defendant retained possession of the truck, claiming a lien for the parts and services furnished in making the repairs. On his return from Texas, plaintiff commenced this action.

The statute creating repairmen's liens is Section 35-13-01 NDCC. It provides that any garage keeper, having an established place of business, who repairs a motor vehicle "at the request of the owner or legal possessor" thereof shall have a lien thereon.

At the beginning of the trial the parties stipulated that the plaintiff, Briley, was the owner of the truck; that the truck was delivered to the defendant for repairs by Joe Reise; that the repairs were made and that the amount charged for such repairs was the reasonable value of the parts and services furnished. It was further stipulated that the only question at issue in the case was whether Joe Reise was legally in possession of the truck at the time he delivered it to the defendant for repairs. It is conceded that, if Reise did not have legal possession, defendant had no valid lien upon the truck and that plaintiff must prevail in this case.

There is very little authority upon the construction that is to be given the words "legal possessor" as used in Section 35-13-01 of our code. Some of the cases hold that, in order to be a legal possessor, the possession must be coupled with a legal or equitable interest in the property possessed, such as possession by a vendee or mortgagor. General Motors Acceptance Corp. v. Baker, 161 Misc. 238, 291 N.Y.S. 1015; New York Yellow Cab Co. Sales Agency, Inc. v. Laurel Garage Inc., 219 App.Div. 329, 219 N.Y. S. 671. Other cases hold that the term legal possessor includes lessees but not sub-lessees implying that there must be direct privity between the owner and the possessor in order for the possession to be legal under the statute. Quist v. Sandman, 154 Cal. 748, 99 P. 204. Still other cases hold that

a legal possessor is one in possession and use of a vehicle with the knowledge and assent of the owner under such circumstances as give rise to an express or implied authority to have reasonable and necessary repairs made. Willis v. Taylor, 201 N.C. 467, 160 S.E. 487.

In this case, however, it is unnecessary for us to define the term legal possessor precisely, and attempt a construction which would be a guide under all conceivable situations. The minimum requirement for legal possession, under the statute, can be no less than a possession authorized by the owner or by someone whom the owner has delegated to act for him.

Here Briley and Madison were joint adventurers in the performance of a contract. The joint adventure was terminated by mutual agreement and Briley assigned his interest in the contract to Madison. Briley's testimony that nothing whatever was said concerning the future use of any of the equipment belonging to him is undisputed. The record therefore shows affirmatively that Madison had no express authorization from Briley to use the truck in question. The circumstances under which the joint adventure was terminated cannot be said to have created an implied authorization for Madison to use any of Briley's equipment. Briley retained no interest in the contract whatever. It would not be reasonable to conclude that the parties intended that Briley's equipment should be used to complete the contract and that he should receive no compensation whatever for the use of that equipment. Furthermore, Madison's actions indicate that he understood that he was not authorized to use Briley's equipment. The man he hired to help him, had his own equipment and that was used on the job. Furthermore, when they needed to use the truck here in issue, because it was equipped with a winch, Madison attempted to secure authorization from Briley's son who resided at Pierre. William Reise testified that Briley's son told him he could use the truck if he would pay $25.00 for each beam moved. There was, however, no showing that this son had any business connections with his father either as an agent or otherwise. The testimony was not competent to establish authorization to use the truck but it tends to establish the fact that Madison did not consider that he had an implied authorization from the plaintiff to use it.

It follows that Madison's use of the truck was unauthorized and that therefore his employee was not a "legal possessor" of the truck at the time he delivered it to the defendant for repairs. The judgment of the district court is therefore reversed.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.